**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clint D. Bourne, ) | No. CV 02-2565-PHX-DGC (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Bomax, Inc., et al., ) | |
| Defendants. ) | |

Pending before the court is Plaintiff's Request for Telephonic Conference (Doc. #58). Plaintiff contends that Defendants Bomax and Klein are avoiding their discovery obligations by falsely claiming that no employment or other contractual arrangement ever existed between Plaintiff and Bomax. Plaintiff attaches documents purportedly showing payments into his inmate bank account from Bomax. Plaintiff contends that these documents establish that he worked for Bomax and that Defendants' statements to the contrary show a fraud was committed on the court.

In a prior order (Doc. #54) addressing a motion by Plaintiff to compel proper responses to his non-uniform interrogatories, the court denied the request because the questions were overly broad and burdensome. Additionally, the court found that the requests were inapplicable in light of Defendants' assertion that they did not employ Plaintiff. In light of Plaintiff's account records and his underlying claim that he was an employee as defined in the Fair Labor Standards Act, it appears that Defendants are attempting to avoid their discovery obligations by asserting a disputed legal issue as fact. The court has not decided the issue of whether Plaintiff was employed by Defendants. Accordingly, unless and until

1 that issue is decided in Defendants' favor, they must respond to proper discovery requests.

2 For these reasons, Plaintiff will be given the opportunity to send 10 new non-uniform
3 interrogatories to Defendants Bomax and Klein. However, Plaintiff is warned that the court
4 will not permit the type of overly broad and burdensome requests in his first set of non-
5 uniform interrogatories. Any new non-uniform interrogatories must be narrowly focused and
6 reasonable requests for information. Defendants must then provide timely and complete
7 responses to the requests.[1]

8 **IT IS THEREFORE ORDERED:**

9 That Plaintiff's Request for Telephonic Conference (Doc. #58) is **denied in part** and
10 **granted in part**. The motion is denied with respect to Plaintiff's request for a telephonic
11 hearing and his request for judgment against Defendants based on the conduct of Defendants
12 Bomax and Klein;

13 The motion is granted in that Plaintiff may send up to ten new non-uniform
14 interrogatories to Defendants Bomax and Klein on or before November 18, 2005.
15 Defendants Bomax and Klein must provide their responses to Plaintiff on or before
16 December 16, 2005. Given that the discovery deadline has now passed, see Doc. #39, no
17 further requests for discovery will be considered by the court absent extraordinary
18 circumstances.

19 DATED this 3rd day of November, 2005.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge

---

[1] Defendants are reminded that given their failure to file timely initial disclosure statements, the court explained in its prior order that additional noncompliance with the court's orders will result in contempt proceedings and possible sanctions. The same is true if Defendants fail to provide timely and complete responses to reasonable discovery requests from Plaintiff.